IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SHAWN KELLY, TDCJ-CID #1240556, | § § § | |
| Petitioner, | § § | |
| v. | § § § | CIVIL ACTION NO. H-09-0201 |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Christopher Shawn Kelly, an inmate of the Texas prison system, filed this habeas action under 28 U.S.C. § 2254 contesting four 2004 state felony convictions. The respondent has filed a motion to dismiss this action as untimely, which is supported by Kelly's state court records. Having construed the respondent's motion as a Motion for Summary Judgment,[1] the court concludes that Kelly's habeas petition is untimely. Accordingly, this action will be dismissed under the provisions of 28 U.S.C. § 2244(d).

I. **Procedural History and Claims**

In 2004 Kelly was charged with aggravated robbery, aggravated assault, possession of cocaine, and assault. The indictment for

---

[1]The court's Order entered on September 4, 2009 (Docket Entry No. 9), informed the parties that if respondent relied on matters outside the pleadings, the respondent's motion to dismiss would be treated as a motion for summary judgment. Order, Docket Entry No. 9, at p. 2 ¶ 3.

each charge included an enhancement paragraph alleging that Kelly had previously been convicted of burglary of a habitation and felony theft (State v. Kelly, No. 551804 (230th Dist. Ct., Harris County, Tex., Feb. 1, 1990)). After entering guilty pleas, Kelly was found guilty of all of the charges and sentenced in each case to thirty-three years in the Texas Department of Criminal Justice - Correctional Institutions Division, all sentences to be served concurrently. State v. Kelly, No. 980750 (184th Dist. Ct., Harris County, Tex., June 11, 2004) (aggravated robbery); State v. Kelly, No. 980751 (184th Dist. Ct., Harris County, Tex., June 11, 2004) (aggravated assault); State v. Kelly, No. 980753 (184th Dist. Ct., Harris County, Tex., June 11, 2004) (possession of cocaine); State v. Kelly, No. 980840 (184th Dist. Ct., Harris County, Tex., June 11, 2004) (assault).[2] No direct appeal was filed.

On September 6, 2007, more than three years after the date of the criminal judgments, Kelly filed four applications for state writs of habeas corpus challenging the convictions. Ex parte Kelly, Writ No. 64,909-03, State Habeas Records at 002 (980750); Ex parte Kelly, Writ No. 64,909-04, State Habeas Records at 002 (980751); Ex parte Kelly, Writ No. 64,909-06 (State Habeas Records

---

[2]Kelly was also charged with and convicted of a fifth felony offense, attempting to take a weapon from a police officer. State v. Kelly, No. 980752 (184th Dist. Ct., Harris County, Tex., June 11, 2004). However, he successfully challenged that conviction. On October 15, 2008, the Texas Court of Criminal Appeals granted relief and set the judgment aside in that cause only. Ex parte Kelly, AP-76,002 (Writ No. 64,909-05). Kelly does not challenge that conviction in this proceeding.

at 002 (980753); <u>Ex parte, Kelly</u>, Writ No. 64,909-07, State Habeas Records at 002 (980840). On October 15, 2008, the Texas Court of Criminal Appeals denied each of the state habeas applications without a written order on the findings of the trial court without a hearing. No. 64,909-03 at cover; No. 64,909-04 at cover; No. 64,909-06 at cover; No. 64,909-07 at cover.

More than one year later, Kelly filed a federal petition for a writ of habeas corpus in which he asserts the following claims:

1. Kelly was denied his statutory right to ten days to prepare for trial.

2. Kelly was denied due process when he was denied a competency hearing.

3. Kelly's convictions were improperly enhanced by invalid prior convictions.

4. Kelly's guilty plea was unknowing and involuntary.

5. Kelly's attorney was ineffective because he:

   a. Failed to object to the denial of ten days for trial preparation;

   b. Failed to notify the court that Kelly exhibited signs of incompetency;

   c. Failed to object to or investigate the validity of the State's use of the prior convictions for enhancement purposes; and

   d. Allowed Kelly to make an involuntary plea.

## II. **One-Year Statute of Limitations**

Kelly's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provisions, which restrict the time in which a state conviction may be challenged. <u>Flanagan v.</u>

Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Kelly entered guilty pleas on June 11, 2004, and did not appeal within the statutory period under Texas law. TEX. R. APP. P. 26.2(a) (West 2004) (defendant must file his appeal within 30 days of the date the trial court enters its judgment). The convictions

-4-

therefore became final on Monday, July 12, 2004, the last day he could have filed a notice of appeal. TEX. R. APP. P. 4.1(a) (West 2004) (the period for filing an appeal is extended to the next working day if the last day falls on a Saturday, Sunday, or holiday). See also Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008), citing Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (conviction becomes final when time for review has expired), citing 28 U.S.C. § 2244(d)(1)(A). Pursuant to the AEDPA, Kelly had one year or until July 12, 2005, to file a federal habeas petition. See Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004). In the alternative, Kelly needed to file a state habeas application within the one-year period in order to toll it. Flanagan, 154 F.3d at 199 n.1.

Because Kelly did not file an appeal and waited more than three years before filing his state habeas applications, the state habeas applications did not toll the limitations period because they were filed well after the period had expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Moreover, Kelly waited more than a year after the Court of Criminal Appeals dismissed his state applications before filing his federal habeas petition. Since tolling does not apply, Kelly's federal petition for a writ of habeas corpus is time-barred under 28 U.S.C. § 2244(d)(1)(A).

In his response to the court's Order to Show Cause, Kelly alludes to another state habeas application challenging a prior conviction and argues that the habeas proceeding tolled the federal

-5-

limitations period. See Docket Entry No. 8 at 2, 4. He also refers to a subsequent federal habeas proceeding. See Kelly v. Quarterman, No. H-06-3759 (S.D. Tex. Mar. 19, 2007) (dismissed as untimely). The respondent has provided records from the state habeas proceeding, which show that the habeas application was filed on June 24, 2005, and challenged a 1990 theft conviction (Cause No. 551804) in the 230th District Court of Harris County. Ex parte Kelly, Writ No. 64,909-01 at 2. The Court of Criminal Appeals dismissed the application on August 30, 2006, because the sentence had been discharged. Id. at cover.

State habeas applications that are filed "with respect to the pertinent judgment or claim" toll the limitations period. 28 U.S.C. § 2244(d)(2). State habeas applications challenging prior convictions whose sentences expired may toll the limitations period if the prior convictions were used to enhance the sentences challenged in the pending federal habeas action. Dilworth v. Johnson, 215 F.3d 497 (5th Cir. 2000). However, tolling does not apply if the state application does not purport to challenge the current conviction. Godfrey v. Dretke, 396 F.3d 681 (5th Cir. 2005). Regardless of the pertinence of the prior state application, it's period of pendency is not sufficient to render Kelly's current petition timely.

Kelly's convictions became final on July 12, 2004. Kelly's federal petition for a writ of habeas corpus was signed on

-6-

December 22, 2008,[3] and received for filing on January 26, 2009. At the earliest, the petition was filed on December 22, 2008. Starns v. Andrews, 524 F.3d 612, 616 (5th Cir. 2008); Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998). Excluding the pendency of any state habeas proceedings, more than five years and five months elapsed between the time Kelly's conviction became final and the date he filed his federal petition. The state application challenging the conviction in No. 551804 was pending for one year and 68 days, from June 24, 2005, until August 30, 2006. Windland v. Quarterman, 578 F.3d 314, 317 (5th Cir. 2009). The subsequent applications challenging the convictions in question were pending from September 6, 2007, until October 15, 2008, for a period of one year and 40 days. The sum of the two periods is two years and 108 days. Subtracting that total from the five years and five months still leaves Kelly with more than three years between the date his convictions were final and the date of the filing of this action, clearly exceeding the one-year limitations period.

Kelly also argues that the federal habeas petition challenging his 1990 conviction should toll the limitations period. That petition (H-06-3759), which itself was dismissed as untimely, has no effect on the limitations period in this proceeding. Duncan v.

---

[3]The actual date reflected on the petition is December 22, 2009. Docket Entry No. 1 at 9. However, the petition was received by the court well before that date.

Walker, 121 S.Ct. 2120, 2129 (2001); Grooms v. Johnson, 208 F.3d 488, 489 (5th Cir. 1999).

In his Response to the Respondent's Motion to Dismiss (Docket Entry No. 24 at 8), Kelly argues that he was subject to a state created impediment because he was misled regarding the validity of the conviction for theft in No. 551804. Kelly contends that the State improperly re-designated his 1990 theft conviction as a burglary conviction and used it to enhance his sentences. He further claims that the improper re-designation was not discoverable before 2004 and created a "mental impediment" to his efforts to seek relief. A state-created impediment under 28 U.S.C. § 2244(d)(1)(B) occurs when the petitioner is actually prevented by the state from filing either a federal or state habeas petition. Critchley v. Thaler, 586 F.3d 318 (5th Cir. 2009). In dismissing the habeas petition filed in No. H-06-3759, the court considered the same argument by Kelly and found that he had not been subject to a state-created impediment. No. H-06-3759, Docket Entry No. 7 at 5. The court further determined that he was not entitled to equitable tolling. Id. at 5-6. This court agrees and finds no showing that Kelly used due diligence to discover the purported improper re-designation. Starns, 524 F.3d at 619.

In addition to the absence of any state-created impediment under § 2244(d)(1)(A), there is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been

-8-

discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Therefore, this habeas action is subject to dismissal because it is untimely.

### III. Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000). If denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001), quoting Slack, 120 S.Ct. at 1604. A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). This court concludes that Kelly is not entitled to a COA under the applicable standards. See 28 U.S.C. § 2253(c).

## IV. Conclusion

The court **ORDERS** the following:

1. Respondent Quarterman's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) (Docket Entry No. 21) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

3. Petitioner's Motion for De Novo Review [Reconsideration] of Specific Claims (Docket Entry No. 14) is **DENIED**.

4. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 30th day of April, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE